WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Marie Dinallo, | No. CV-16-0846-PHX-DKD |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Gina Marie Dinallo appeals the Commissioner of the Social Security Administration's decision to adopt the Administrative Law Judge's (ALJ) ruling denying her claim for disability insurance benefits under Title II of the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c).

The Commissioner agrees that the ALJ's decision was not supported by substantial evidence but argues that the record contains outstanding evidentiary conflicts and so the appropriate remedy is to remand this matter for further proceedings. (Doc. 28) Dinallo replied that her case meets the Ninth Circuit's standard for a remand for benefits. (Doc. 33)

Standard of Review. The only question before the Court is the scope of the remand. The Ninth Circuit has established a three-part test for evaluating the difference between a remand for benefits and a remand for further proceedings. *Treichler v.*

*Comm'r of Soc. Sec.*, 775 F.3d 1090 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). One of the three prongs requires this Court to determine whether the record has been fully or thoroughly developed such that there are no outstanding issues to resolve and so further administrative purposes would serve no useful purpose. *Treichler*, 775 U.S. at 1100; *Garrison*, 759 at 1020.

Analysis. The Commissioner concedes that the ALJ should have, but "did not[,] evaluate the December 2013 opinion of treating hand surgeon, Gary Purcell, M.D." who described Dinallo's limitations on a check-the-box form and whose opinion conflicts with the opinion of a State agency physician. (Doc. 28 at 4:7-8) The Commissioner also conceded that the ALJ used improper reasoning to reject the opinion of Kurt Giles, P.A. (Doc. 28 at 5) Dinallo argues that a remand to review this medical evidence would not be useful. (Doc. 33 at 3) The Court disagrees. The opinion of Dr. Purcell, PA Giles, and the State agency physician must be reconciled and that is appropriately a determination that should be made by the ALJ in the first instance. *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015). Accordingly, a remand for further proceedings is appropriate to resolve this conflict. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) (upholding remand for further proceedings when record contained outstanding medical record issues).

Both parties raise additional arguments. Dinallo argues that there are several other errors in the record and that these entitle her to a remand for benefits.[1] However, benefits are awarded for disability, "not the agency's legal error." *Brown-Hunter*, 806 F.3d at 495. The Commissioner argues that the scope of remand should both be limited because

---

[1] Dinallo argues, in part, that she is entitled to relief because of the time it has and will take the Commissioner to review her case. (Doc. 33 at 1-2, n.2) This argument for equitable relief based on a lengthy adjudication process has been mentioned by the Ninth Circuit as part of the reason for the development of the credit-as-true rule but it is not a separate factor in the scope of remand analysis. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credibility determinations are generally the perquisite of the agency . . . we justified [the credit-as-true] approach . . . by referring to equitable concerns about the length of time that had elapsed since the claimant had filed her application.") (citing *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988)). Accordingly, Dinallo is not entitled to relief on this ground.

Dinallo's other allegations of error are not well-taken but should also be expanded to include an evaluation of Dinallo's narcotic and alcohol use. (Doc. 28 at 5, 8)  As Dinallo notes, review on remand is generally *de novo*.  (Doc. 33 at 6, n.4)  Such a remand is appropriate here.

**IT IS ORDERED** that the Commissioner's decision is vacated and remanded for further proceedings consistent with this Order.  The Clerk of the Court shall enter judgment accordingly and terminate this case.

**IT IS FURTHER ORDERED** that upon remand, the Commissioner will remand the case to an ALJ with instructions to issue a new decision that includes, but is not limited to:

a.  an assessment of the medical opinions of record that includes an explanation of the weight given to the different opinions;

b.  an assessment of Dinallo's credibility that addresses and resolves ambiguities in the record;

c.  an evaluation of Dinallo's residual functional capacity; and

d.  a determination of the remaining steps in the sequential process, including whether Dinallo can perform his past relevant work or whether other jobs exist in significant numbers in the national economy.

Dated this 2nd day of May, 2017.

David K. Duncan
United States Magistrate Judge

- 3 -